UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 21-cv-11409-RGS

ELAINE LAROSA,

v.

UNITED STATES POSTAL SERVICE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

February 9, 2022

STEARNS, D. J.

Plaintiff Elaine LaRosa claims that on August 29, 2019, after she entered the United States Post Office at 56 Depot Street in Duxbury, Massachusetts, her left foot stuck on a "foreign substance" causing her to fall. Compl. at 2. LaRosa, represented by counsel, sent the United States Postal Service (USPS) a SF-95 Claim for Damage Injury or Death (SF-95), but failed to specify the dollar amount of her claim. Defendant United States Postal Service has moved to dismiss LaRosa's claim claiming that, during the relevant time period, she failed to exhaust her administrative remedies as she "never presented the [USPS] with a demand for a sum certain . . . rendering her administrative claim incomplete." Gov't Mem. at 1.

BACKGROUND

On September 26, 2019, the USPS received a SF-95 from LaRosa's attorney stating that she had fallen in the Duxbury Post Office "due to a substance on the floor which caused her to fall forward resulting in injury to her left knee, shoulders, her head on the right side, sternum, elbows, hands and back." Dkt 10-4 (SF-95).[1] The word "Pending" was written in box 12b on the SF-95 where a claimant is instructed to specify the "Amount of Claim" for personal injury. *Id.* Box 12d, the space for including a Total Amount of Claim - which warns that "Failure to specify may cause forfeiture of your rights" – also said only "Pending." *Id.* There is no dispute that LaRosa never updated the "pending" designations with a claimed dollar amount.

LaRosa, through the same law firm that filed her SF-95, commenced this litigation in the federal court on August 26, 2021. Nowhere in the Complaint does LaRosa state an amount of the damages she sustained because of her alleged fall in the Post Office.

DISCUSSION

Before a party may bring her tort claim against the United States under the Federal Tort Claims Act (FTCA), the party must "file an Administrative

---

[1] The authenticity of LaRosa's SF-95 is undisputed and may be considered on a motion to dismiss. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)

Claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency." *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) (citing 28 U.S.C. §§ 2401(b), 2675). The purpose of the administrative claim requirement is to provide sufficient notice to the government to enable it to investigate the claim to determine if settlement is appropriate. *See Coska v. United States*, 114 F.3d 319, 322 (1st Cir. 1997).

The administrative claim requirement is jurisdictional. *Id.* at 323 n.8. For a federal court to have jurisdiction over a FTCA claim, a claimant must "timely present [her] claim, in writing, stating a sum certain[.]" *Corte-Real v. United States,* 949 F.2d 484, 485-486 (1st Cir. 1991); *see also Holloway v. United States*, 845 F.3d 487, 489 (1st Cir. 2017). To state a sum certain, a claimant must provide a definite monetary figure, representing the maximum amount of claimed damages. *See Kokaras v. United States*, 980 F.2d 20, 22-23 (1st Cir. 1992); *Reilly v. United States,* 863 F.2d 149, 173 (1st Cir. 1988) (because the claimant is in the better position to determine the amount of damages, she has the duty to provide an exact figure, and, where she is uncertain, must determine the worst-case scenario: "paint[ing] the picture as bleakly as reason permits and conscience allows."); *see also Green*

*v. U.S. Postal Serv.*, 285 F. Supp.3d 416, 419 (D. Mass. 2018). However, even unartfully drafted claims may survive, if they give the government sufficient notice of the injury to allow it to investigate the plaintiff's claims. *See Holloway*, 845 F.3d at 491 ("[W]hat matters is whether the plaintiff timely specified a sum certain on the SF-95 or otherwise timely provided documents from which a sum certain could be ascertained."). The First Circuit has determined that the administrative purpose of the sum certain requirement has been satisfied where the plaintiff states an amount of damages in her SF-95 even with a caveat.[2] *See Corte-Real*, 949 F.2d at 487-488.

However, LaRosa never provided the government with a claimed amount. Nor does she dispute that "no other documents were received [with the SF-95] which might allow the USPS to estimate [LaRosa's] approximate

---

[2] In section 12b of his SF-95, Corte-Real wrote "$100,000 plus because still treating and out of work." However, in 12d that asked for the total amount of his claim, the "plaintiff wrote '$100,000,' without qualification." *Id*. The plaintiff also attached "copies of medical records and bills substantiating his injury." *Id*. The government moved for summary judgment, contending that Corte-Real's use of the phrase "$100,000 plus" in the personal injury section "caused the entire claim to fail the sum certain requirement[ ] because" it was the equivalent of an "indefinite statement[ ] about the amount[ ]" of his claim. *Id*. at 485-486. The First Circuit held that the "plaintiff's administrative claim, while containing improper qualifying language" in the personal injury section, "did state a sum certain and was properly presented." *Id*. at 484. The government was allowed to disregard the surplusage in the personal injury box, and the plaintiff's claim was allowed to proceed, with $100,000 as the sum certain. *Id*. at 487.

4

damages . . . ." Gov't Mem. at 2. Accordingly, this court lacks subject matter jurisdiction to entertain LaRosa's Complaint.[3]

## ORDER

For the foregoing reasons, the United States motion to dismiss is <u>ALLOWED</u> with prejudice as the time in which LaRosa must file an administrative claim has expired.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE

---

[3] While LaRosa argues in her Opposition that the FTCA "was designed to address situations where individuals that have been tortuously harmed" and that the government "has shown no evidence of prejudice," Pl.'s Opp'n at 4-5 (Dkt #12), it is not the government's burden to do so.  As the statute of limitations under the FTCA bars LaRosa's claim, a litigant seeking equitable tolling of time bars bears the burden of establishing two elements: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way.  *See* 28 U.S.C.A. §§ 1346, 2671 *et seq*.  That is not the case here.